VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      25-AP-236



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2025

In re A.K. and P.K., Juveniles
(A.K., Father\*)

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Washington Unit,
Family Division
CASE NOS. 24-JV-01589 & 24-JV-01588
Trial Judge: Kirstin Schoonover

In the above-entitled cause, the Clerk will enter:

Father appeals from the family division's disposition order in this juvenile proceeding. We affirm.

In December 2024, the State filed petitions alleging that eight-year-old A.K., seven-year-old P.K., and their younger half-sibling A.W. were children in need of care or supervision due to allegations of substance abuse by mother.  A.K. and P.K.'s father lives in Oklahoma and was not a custodial parent at the time of the petition.  Following a temporary care hearing, the court issued a conditional custody order (CCO) to mother.  At a pretrial hearing in January 2025, the court granted a motion by the children's attorney to modify the CCO to give conditional custody to both mother and A.W.'s father, R.W., whom the children viewed as their stepfather.  The modified CCO required R.W. to ensure that the children had daily contact with father by phone or video.

The court scheduled a temporary-care and merits hearing for April 2025.  The day before the hearing, father filed a motion to enforce the CCO.  Father asserted that R.W. had obstructed or failed to facilitate his contact with the children.  He asked the court to enforce the CCO, order a review of the placement with R.W., and order various psychological and risk assessments of the children and parents.  The motion was supported by a "Joint Declaration" by father and his wife.

At the merits hearing, the court stated that it would need to set a separate hearing on father's motion to give the other parties time to respond.  After some discussion, father indicated that he was withdrawing his challenge to the children's placement.  Referring to father's request to enforce the CCO, the following exchange then took place:

The court: We can always set it for a motion hearing. You do need to do it with an affidavit, though, [father's counsel]. I don't see it. I see a motion. I don't see an affidavit. So I need an affidavit because the format of your motion is not proper under the rules. So the affidavit is important because it outlines exactly in affidavit format what the violations are so people can prepare, and we don't have that. . . .

Father's counsel: I will, we'll remedy it. Thank you. We'll file a supplement—or an affidavit.

The court: So why don't we do this? Understanding that there's—that the concern really is that the—is the enforceability of the conditional custody order and not the placement. The court will note the withdrawal of the challenge to the placement. I'll accept the merits admission now of [mother]. That'll put us at disposition. Now, when we come back to disposition, [father's counsel], if you want to file that motion to enforce, I'm going to ask you to refile it and with the motion, and then just attach an affidavit. So do it in proper format. And again, I do that only because it gives everybody the opportunity to respond to it. And frankly, many of these concerns, if they know what they are, people can—presumably there's—I don't know if it's a misunderstanding, but it may be able to be worked out between now and disposition. So—

Father's counsel: We understand, Judge. Thank you. We'll do that at the right time. Thank you.

At the conclusion of the merits hearing, the children's attorney proposed that the court clarify the CCO to state that father could call the children each day at 5:30 p.m., and if he did not call within fifteen minutes of that time, the call would be presumed cancelled. The court granted the request and amended the CCO to state:

With respect to the phone calls, [R.W.] shall ensure the girls are available for a phone call with their father at 5:30 PM eastern time. If Father is more than 15 minutes late, the visit is presumed cancelled. [R.W.] shall ensure his phone calls with the girls are private and if [R.W.] needs to change the time of the phone call, he shall inform [father] ahead of time.

Father did not refile his motion to enforce prior to disposition. In June 2025, the court issued a disposition order continuing the CCO to mother and R.W. This appeal followed.

On appeal, father argues that the court erred in requiring him to resubmit his motion to enforce with an affidavit because his original motion was adequately supported by self-attested declarations in lieu of notarization as permitted by 4 V.S.A. § 27b. Assuming without deciding that father is correct, father waived this argument by agreeing to refile the motion. See State v. Gurung, 2025 VT 52, ¶ 45 (holding that defendant waived claim that excluding defendant from motion hearing was plain error where defendant "specifically agreed to this process below" and

2

therefore Supreme Court would not consider argument on appeal (quotation omitted)). Further, father has failed to demonstrate that the alleged error prejudiced him. Although the court stated that it would not address the motion to enforce, it modified the CCO to clarify that father had the right to call the children each day at 5:30 p.m. and that R.W. had to ensure the children were available. Father did not subsequently refile his motion to enforce or otherwise inform the trial court that the alleged problems had continued. Father does not allege any other error in the proceeding below. Under these circumstances, we see no basis to reverse or remand.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice